UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLEN FRIEDMAN and MICHAEL J. NELLIS, Dr., individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

Case No: 2:14-mc-25-FtM-38CM

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., DOLLAR RENT A CAR, INC. and DTG OPERATIONS, INC.,

    Defendants.

## ORDER

Before the Court is Non-Parties the Hertz Corporation and Hertz Global Holdings, Inc.'s ("Hertz") Verified Motion for Reconsideration of Order (Doc. 7, "Motion for Reconsideration"), and Plaintiffs' Memorandum in Opposition (Doc. 8), which attaches the Declaration of Alan M. Mansfield (Doc. 9) in support. Hertz moves for reconsideration of this Court's September 26, 2014 Order denying as untimely Hertz's Motion to Quash and Motion for Protective Order to Plaintiffs' Rule 45 Subpoenas (Doc. 1, "Motion to Quash"). Doc. 5. For the reasons stated herein, the Motion for Reconsideration is denied.[1]

---

[1] Hertz filed an identical Motion to Quash in this Court under Case No. 2:14-mc-24-FtM-38DNF. The Court also denied the motion as untimely. Docs. 1, 4. The same motion for reconsideration was filed in that case, which the Court denied. Docs. 6, 22. As in that case, the Court agrees that reconsideration is not warranted here as well.

On September 24, 2014, Hertz filed a Motion to Quash, requesting that this Court quash a subpoena duces tecum served on it by Plaintiffs on September 11, 2014. Doc. 1. The subpoena was issued in a case pending in the District of Colorado, which required Hertz to present a corporate representative for deposition and to produce certain documents in Fort Myers, Florida on September 24, 2014, at 9:00 a.m. Docs. 3-1, 3-2. In its Order denying the Motion to Quash as untimely, the Court noted that Hertz filed the Motion to Quash and supporting documents at 9:08 a.m., minutes after the time for compliance with the subpoena. Doc. 5. The Court stated that as in Case No. 2:14-mc-24-FtM-38DNF, the deadline to comply with the subpoena had expired by the time Hertz filed the Motion to Quash. *Id.* Accordingly, the Court did not address Hertz's motion on the merits.

Hertz now moves for reconsideration, arguing that the Court is mistaken as to the time to the Motion to Quash was filed. Hertz asserts that its Motion to Quash was timely filed at 8:53a.m., according to the file stamp on the motion (Doc. 1). Hertz also argues that even if the motion was untimely filed, unusual circumstances exist such that the Court should consider the motion on the merits.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear

error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Carter*, 2006 WL 2620302, at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

In this case, although Hertz argues that the Motion to Quash was filed before the time for compliance with the subpoena, Hertz does not set forth any new facts or law showing that their Motion to Quash was timely such that reconsideration is warranted. Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure provides, in

pertinent part, that on "timely motion" the court shall quash a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies," or "subjects a person to undue burden." As stated in its Order, the motion and supporting documents were filed at 9:08 a.m. according to the time stamp on the Declaration of C. Berk Edwards in Support of Hertz's Motion for Protective Order (Doc. 3). This is after the time for compliance with the subpoena.

Moreover, the record shows that Hertz's own conduct delayed the filing of the Motion to Quash. Hertz was served with the subpoena on September 11, 2014, and the parties conferred regarding the subpoena on September 18, 2014, wherein Hertz expressed its objections that the subpoena sought irrelevant evidence and was unduly burdensome. *See* Doc. 9 at ¶ 2, 4; Doc. 9-1. On September 18, 2014, counsel for Hertz informed Plaintiffs that if it did not withdraw the subpoena, it would file a motion to quash. Doc. 9-1. Hertz could have filed the motion to quash at that time, but chose not to. Hertz asserts that the efforts of counsel to meet and confer delayed the filing of its Motion to Quash, and Plaintiffs knew that Hertz was not going to comply with the subpoena on September 24, 2014. *See* Doc. 7 at 6-7. Hertz's Motion to Quash, however, did not inform the Court of the parties' efforts to meet and confer, nor did it inform the Court that Plaintiffs knew it would not be complying with the subpoena that morning. Thus, it is incorrect for Hertz to claim that the timing of its filing the Motion to Quash "made no unusual or time-sensitive imposition on the Court." Doc. 7 at 9. Hertz has failed to present the Court with new facts or law to convince the Court to reverse its prior decision.

- 5 -

ACCORDINGLY, it is hereby

**ORDERED**:

Non-Parties the Hertz Corporation and Hertz Global Holdings, Inc.'s Verified Motion for Reconsideration of Order (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of November, 2014.

CAROL MIRANDO
United States Magistrate Judge


Copies:
Counsel of record